■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACK DE MASI, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent. — Application for permission to proceed as a poor person and appeal from judgment entered in Supreme Court, Dutchess County, on March 30, 1966, transferred to the Appellate Division of the Supreme Court, Second Judicial Department. (See *People* v. *Miller,* 23 A D 2d 569.) Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

(May 20, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PATRICIA A. HANSON, Appellant.— REYNOLDS, J. Upon reargument (23 A D 2d 706) we withheld determination pending further proceedings consistent with the Court of Appeals' decision in *People* v. *Huntley* (15 N Y 2d 72) and the County Court of Rensselaer County has now determined that the confession introduced at the trial was involuntary based upon the opinion evidence of the doctors originally called by the defense at the trial proper. Accordingly, the judgment of conviction must be reversed and a new trial ordered. Judgment of conviction reversed, on the law and the facts, and a new trial ordered. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.

■ EARNEST VINES, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 37952.) — GIBSON, P. J. Appeal from a judgment of the Court of Claims which dismissed, after trial, a claim for damages for personal injuries sustained when claimant fell to the floor of a roller skating rink, following which it was ascertained that one skate, which had been secured to claimant's shoe by a clamp, supplemented by a strap, had become disengaged. Upon the original submission of the appeal we withheld determination thereof and remitted the case to the trial court for the making of adequate findings (24 A D 2d 680), which have now been supplied. There was evidence that the strap broke but there was no proof at all with respect to the clamp, which, as above noted, was also disengaged. Testimony that the strap was " dry and crumply " was insufficient to establish either the cause of action in negligence or that for breach of warranty. The Court of Claims found, in effect, that claimant had not sustained the burden of proving proximate cause and we perceive no basis upon which that finding may be disturbed. Judgment affirmed, without costs. Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.